UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA LOFTON, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:16-CV-604-CEJ |
| PFIZER, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* to determine whether subject matter jurisdiction exists in this case. *See* Fed. R. Civ. P. 12(h)(3). Also before the Court is defendant's motion to stay the proceedings pending a decision by the Judicial Panel on Multidistrict Litigation regarding the transfer of this action to a Multidistrict Litigation (MDL) action pending in the District of South Carolina.

**I. Background**

On March 23, 2016, seventeen plaintiffs from twelve states filed this action in the Circuit Court for the City of St. Louis, Missouri, alleging seven state law causes of action against defendant arising out of its manufacture and sale of the prescription medication Lipitor (atorvastatin calcium). Plaintiffs allege that they developed Type II diabetes as a result of ingesting Lipitor. Plaintiffs assert claims of product liability for failure to warn, negligence, breach of implied warranty, fraud, constructive fraud, unjust enrichment, and punitive damages.

On April 29, 2016, defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Defendant is a citizen of Delaware and New York. One plaintiff is also a citizen of New York, and two plaintiffs are citizens

of Delaware. Despite the lack of complete diversity on the face of the complaint, defendant argues that diversity jurisdiction exists because the out-of-state plaintiffs' claims were either fraudulently joined or procedurally misjoined, and thus, the out-of-state plaintiffs—including the non-diverse plaintiffs—should be ignored for purposes of determining jurisdiction.

## II. Discussion

### A. Motion to Stay

Defendant moves to stay the proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on its motion to transfer this case to the MDL proceeding *In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No. II)*, MDL No. 2502. However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855-CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc.*, No. 4:12-CV-1221-CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)). "This is especially true where, as here, [a] pending motion is one for remand and goes to the Court's subject matter jurisdiction." *Id.* "This Court is in the best position to determine subject matter jurisdiction, and waiting for a decision by the JPML before ruling on the motion to remand 'would not promote the efficient administration of justice.'" *Id.* Accordingly, the motion to stay will be denied.

### B. Subject Matter Jurisdiction

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Prods. Liab. Litig.*, 591

2

F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). It is conceded the amount in controversy is over $75,000. Likewise, it is undisputed three plaintiffs are citizens of the same state as defendant and, thus, complete diversity is lacking on the face of the complaint.

Defendant argues that this Court nonetheless has diversity jurisdiction because the out-of-state plaintiffs' claims were either fraudulently joined or procedurally misjoined, and it raises questions about personal jurisdiction as well. The Court has explained on numerous occasions when this defendant has raised precisely the same theories that none of those arguments are meritorious. *See, e.g.*, *Robinson v. Pfizer, Inc.*, No. 4:16-CV-439-CEJ, 2016 WL 1721143 (E.D. Mo. Apr. 29, 2016) (collecting cases). For the same reasons set forth in those other cases, the plaintiffs' claims here are properly joined, complete diversity is absent,

no subject matter jurisdiction exists, and this case must be remanded. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); *Wilkinson*, 478 F.3d at 963.

Finally, because this case was very recently removed and plaintiffs have not incurred substantial expenses responding to the removal, the Court will not require defendant to pay the plaintiffs' costs associated with removal in this instance. *See* 28 U.S.C. § 1447(c).

* * * * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to stay the proceedings in this action pending MDL transfer [Doc. #8] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2016.